BRITTANY RUPLEY HAEFELE (Bar No. 276208) WILLIAM L. PORTER (Bar No. 133968)
PORTER LAW GROUP, INC.
7801 Folsom Boulevard, Suite 101
Sacramento, California 95826
Telephone: (916) 381-7868
Facsimile: (916) 381-7880 Email: bporter@porterlaw.com
Email: bhaefele@porterlaw.com

Attorneys for Defendant
NEW PARADIGM PROPERTY MANAGEMENT, LLC

RONALD W. HOPKINS (Bar No. 100895)
CHRISTIAN J. GASCOU (Bar No. 209957)
GASCOU HOPKINS LLP
9696 Culver Boulevard, Suite 302
Culver City, California 90232
Telephone: (310) 785-9116
Facsimile: (310) 785-9149
Email: rhopkins@gascouhopkins.com
Email: cgascou@gascouhopkins.com

Attorneys for Plaintiff
ALLIED WORLD INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| ALLIED WORLD INSURANCE COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>NEW PARADIGM PROPERTY MANAGEMENT, LLC, a California corporation, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 2:16-CV-02992-MCE-GGH<br><br>**Ex Parte Motion for Request to Modify Pretrial Order By Stipulation to Extend Fact Discovery By Sixty Days**<br><br>Case No. 2:17-cv-00552-KJM-CKD<br><br>(Administratively closed and consolidated with case 2:16-CV-02992-MCE-GGH) |
| NEW PARADIGM PROPERTY MANAGEMENT, LLC, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALLIED WORLD INSURANCE COMPANY, | |

1
**STIPULATED REQUEST TO MODIFY THE PRETRIAL ORDER**

a Delaware corporation, and DOES 1 through 200, inclusive,

Defendants

Pursuant to Local Rule 143 and Federal Rule of Civil Procedure (FRCP) 16(b)(4), Defendant, NEW PARADIGM PROPERTY MANAGEMENT, LLC (hereinafter Defendant), and Plaintiff, ALLIED WORLD INSURANCE COMPANY (hereinafter Plaintiff) by and through the undersigned counsel, hereby jointly stipulate and request this Court to issue an Order to modify the Initial Pretrial Scheduling Order (ECF No. 3) (hereinafter "Initial Pretrial Scheduling Order" or "Pretrial Order") for case 2:16-CV-02992-MCE-GGH, by extending the dates for conclusion of fact discovery by an additional sixty days from the current fact discovery deadline of April 20, 2018—to June 19, 2018, with all other deadlines to remain as governed by the Initial Pretrial Scheduling Order.

The Initial Pretrial Scheduling Order allocated 365 days for fact discovery until December 22, 2017(ECF No. 3.). Discovery including initial Rule 26(f) disclosures was then placed on hold pending ruling on Defendant's Motion to Compel Arbitration (ECF No. 23), which was denied on September 28, 2017. Shortly after denial of the motion on October 16, 2017, the court granted a joint request to extend fact discovery by 120 days to April 20, 2018. (ECF No. 28.) However, even with this modification, the total time period for fact discovery on this complex construction dispute has been slightly less than 7 months, in place of the original 365 days allocated to discovery. The parties have to date since October diligently engaged in discovery consisting of the exchange of several rounds of very lengthy written discovery, including amended and supplemental responses after meet and confers, and the exchange of several binders of documents concerning the construction project obtained both from the parties and from third parties through subpoena.

The last of the responses to document production requests was accomplished in early March. Following the exchange of the extensive written discovery, the parties have now identified numerous witnesses for deposition—including party-affiliated PMQ witnesses and other non-party witnesses. After conferring on deposition scheduling, the parties recognize that it

will be extremely difficult to schedule and conclude all of the necessary PMQ and third party witness depositions by April 20, 2018—which include former employees of the parties -- plus any attendant discovery that may be required as a result of the depositions. The parties respectfully submit that they have been dutiful in conducting extensive discovery to date during a compressed time period—and would greatly appreciate an additional sixty-day extension to conclude fact discovery in an orderly manner.

FRCP 16(b)(4) allows a court to modify a scheduling order upon a showing of "good cause." According to the Ninth Circuit Court, the "good cause" standard required is primarily concerned with the diligence taken by the party seeking the extension. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). A court may modify the scheduling order should the given deadlines not be reasonably able to be met, despite diligent efforts. Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. CA 1999) issues its

This Stipulated Request to Modify the Pretrial Order is supported by good cause. The parties hereby respectfully request that this Court modify the Pretrial Order by extending the fact discovery deadline by an additional sixty days.

This would result in the following new deadlines:

Fact Discovery: June 19, 2018.

All other deadlines in the Pretrial Order would remain unchanged.

| | | |
|---|---|---|
| | | **GASCOU HOPKINS LLP** |
| Dated: March 27, 2018 | | By: /Ronald Hopkins/ |
| | | RONALD W. HOPKINS<br>Attorneys for Plaintiff/Counter-Defendant<br>ALLIED WORLD INSURANCE COMPANY |
| Dated: March 27, 2018 | | **PORTER LAW GROUP, INC.** |
| | | By: /Brittany Rupley Haefele/<br>BRITTANY RUPLEY HAEFELE<br>Attorneys for Defendant/Counter-Claimant<br>NEW PARADIGM PROPERTY MANAGEMENT, LLC |

**ORDER**

IT IS SO ORDERED.

Dated: April 2, 2018

_[signature]_
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE