| | |
|---|---|
| ALLIED WORLD INSURANCE COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>NEW PARADIGM PROPERTY MANAGEMENT LLC, a California corporation, and DOES 1 through 20, inclusive,<br><br>Defendants. | No. 2:16-cv-02992-MCE-DB<br><br>**ORDER** |
| NEW PARADIGM PROPERTY MANAGEMENT LLC, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALLIED WORLD INSURANCE COMPANY, a Delaware corporation, and DOES 1 through 200, inclusive,<br><br>Defendants. | |

By way of this action, Plaintiff and Counter Defendant Allied World Insurance Company ("Plaintiff") and Defendant and Counter Claimant New Paradigm Property Management, LLC ("Defendant") allege various causes of action against each other

1

arising out of the remodeling of a hotel in Rocklin, California.  Plaintiff, a surety, issued a performance bond to a contractor, the bond principal, hired by Defendant, a construction project owner and bond obligee.  Defendant contends the bond principal defaulted on the underlying construction obligations and that Plaintiff thereafter breached the performance bond by refusing to pay Defendant's requested damages.[1]  Plaintiff, on the other hand, contends that Defendant failed to disclose material information with regard to the project during the bond underwriting/negotiation process and that Defendant affirmatively (and falsely) stated in an All Rights Letter that it was "not aware of any facts or information which would lead [Defendant] to believe that [the contractor] [would] have any problem completing the job according to the plans and specifications, on schedule and paying all suppliers of labor and material to the job."  Pl.'s Comp., ECF No. 1, ¶ 16, Ex. B.  Presently before the Court is Defendant's Motion for Summary Judgment (ECF No. 48).  For the following reasons, that Motion is DENIED.[2]

        The Federal Rules of Civil Procedure provide for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses.  Celotex, 477 U.S. at 325.

        Rule 56 also allows a court to grant summary judgment on part of a claim or defense, known as partial summary judgment.  See Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995).  The standard that applies to a motion for partial summary judgment is the same as that which applies to a motion for

---

[1] Given this Court's disproportionately high case load, and in the interest of conserving judicial resources and expediting a decision in this case, the Court will not recount details with which the parties are intimately familiar.  To be clear, the Court has considered all evidence and arguments in the record, but it limits its written decision to only that which is necessary to resolve the parties' instant arguments.

[2] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs.  See E.D. Cal. Local R. 230(g).

2

summary judgment.  See Fed. R. Civ. P. 56(a); State of Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998) (applying summary judgment standard to motion for summary adjudication).

In a summary judgment motion, the moving party always bears the initial responsibility of informing the court of the basis for the motion and identifying the portions in the record "which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323.  If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).

In attempting to establish the existence or non-existence of a genuine factual dispute, the party must support its assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits[,] or declarations . . . or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52 (1986); Owens v. Local No. 169, Assoc. of W. Pulp and Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987).  The opposing party must also demonstrate that the dispute about a material fact "is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.  In other words, the judge needs to answer the preliminary question before the evidence is left to the jury of "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251 (quoting Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)) (emphasis in original).

1 | As the Supreme Court explained, "[w]hen the moving party has carried its burden under
2 | Rule [56(a)], its opponent must do more than simply show that there is some
3 | metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. Therefore,
4 | "[w]here the record taken as a whole could not lead a rational trier of fact to find for the
5 | nonmoving party, there is no 'genuine issue for trial.'" Id. at 587.
6 | In resolving a summary judgment motion, the evidence of the opposing party is to
7 | be believed, and all reasonable inferences that may be drawn from the facts placed
8 | before the court must be drawn in favor of the opposing party. Anderson, 477 U.S. at
9 | 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's
10 | obligation to produce a factual predicate from which the inference may be drawn.
11 | Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd,
12 | 810 F.2d 898 (9th Cir. 1987).
13 | Very generally, according to Defendant, it is entitled to judgment because:
14 | (1) Plaintiff cannot show Defendant knowingly misrepresented material facts or that
15 | Plaintiff justifiably relied on any misrepresentation; (2) Defendant had no duty to disclose
16 | information Plaintiff did not specifically request and any undisclosed risks were
17 | immaterial; (3) and Defendant had reason to believe all information was known to
18 | Plaintiff in any event. Each of the foregoing arguments fails on this posture because
19 | they turn on factual disputes and, at the very least, critical credibility determinations (e.g.,
20 | whether Defendant was aware of issues that might affect completion of construction
21 | when it issued the All Rights Letter). On the record before the Court, which is rife with
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

jury questions, Defendant simply has not met its burden of showing that it is entitled to judgment as a matter of law.  Accordingly, for the reasons just stated, Defendant's Motions for Summary Judgment (ECF No. 48) is DENIED.[3]

IT IS SO ORDERED.

Dated:  September 25, 2019

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[3] The Court is cognizant there are various evidentiary objections before it.  Since it was unnecessary to consider that evidence, those objections are overruled as moot.